**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**RECARDO FRAZIER**                                                                    **PETITIONER**

**v.**                                                                    **No. 4:25CV65-RPC-JMV**

**STATE OF MISSISSIPPI**                                                                    **RESPONDENT**

**ORDER *DENYING* PETITIONER'S
MOTION FOR EVIDENTIARY HEARING**

This case comes before the court on the petitioner's motion [28] for an evidentiary hearing. Under the Anti-Terrorism and Effective Death Penalty Act, ("AEDPA"), requests for an evidentiary hearing are evaluated in accordance with 28 U.S.C. § 2254(e)(2). *Murphy v. Johnson*, 205 F.3d 809, 815 (5th Cir. 2000). When a *habeas* petitioner has failed to develop the factual basis of a claim, his entitlement to an evidentiary hearing is restricted to the narrow exceptions of subsection (e)(2), which provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the application shows that–
>
> (A) the claim relies on–
>
> > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). These exceptions apply where the failure to develop the facts of claim is solely the result of a decision or omission of the petitioner himself. *Murphy*, 205 F.3d at 815.

Overcoming the restrictions in § 2254(e)(2) does not, however, guarantee a petitioner an evidentiary hearing, it merely "opens the door for one;" the district court retains the discretion to grant or deny an evidentiary hearing. *Id.* Further, a full and fair hearing does not necessarily require live testimony; a paper hearing can be sufficient to afford a petitioner a full and fair opportunity to present factual issues pertinent to his case. *Id., see also Perillo v. Johnson*, 79 F.3d 441, 444 (5th Cir. 1996). Finally, where a district court has before it enough facts to make an informed decision regarding the merits of a claim, the court may refuse to grant an evidentiary hearing, even where the state court made no explicit factual findings. *McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998).

The court has reviewed the file and records of this case, has applied the analysis above, and has not encountered any claims the petitioner raises requiring an evidentiary hearing. The record in this case is extensive, spanning nearly 3,000 pages, and the court does not see the need to develop it further with live testimony. The court finds that the petitioner can present his claims in written form without the need for a live hearing. For this reason, the petitioner's request for evidentiary hearing will be denied. However, if an evidentiary hearing appears necessary as the case proceeds, the court will order one *sua sponte*.

It is therefore **ORDERED** that the petitioner's motion for an evidentiary hearing is **DENIED.** This, the 20th day of April, 2026.

/s/    Jane M. Virden
UNITED STATES MAGISTRATE JUDGE